IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


JENNIFER R. REYNOLDS,

            Plaintiff,

vs.                                                Case No. 15-2676-SAC

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

            Defendant.


MEMORANDUM AND ORDER

Plaintiff filed an application for attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 (EAJA) (Doc. 18). The motion has been fully briefed by the parties.

I. General legal standards

The EAJA provides for an award of attorney fees to a prevailing party in a suit against the United States unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. Hackett v. Barnhart, 475 F.3d 1166, 1172 (10th Cir. 2007); Estate of Smith v. O'Halloran, 930 F.2d 1496, 1501 (10th Cir.1991). Under the EAJA, a prevailing party includes a plaintiff who secures a sentence four remand reversing the Commissioner's denial of benefits as to "any significant issue in litigation which achieve[d] some of the benefit ... sought in

1

bringing suit." Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 791-92, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989); Sommerville v. Astrue, 555 F. Supp.2d 1251, 1253 (D. Kan. 2008).

The Commissioner bears the burden to show that his position was substantially justified. Gilbert v. Shalala, 45 F.3d 1391, 1394 (10th Cir.1995). However, the party seeking the fees has the burden to show that both the hourly rate and the number of hours expended is reasonable in the circumstances. Hensley v. Eckerhart, 461 U.S. 424, 433-34, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); Sommerville v. Astrue, 555 F. Supp.2d at 1253.

The test for substantial justification is one of reasonableness in law and fact. Thus, the government's position must be justified to a degree that could satisfy a reasonable person. The government's position can be justified even though it is not correct. Hackett, 475 F.3d at 1172; see Madron v. Astrue, 646 F.3d 1255, 1257-58 (10th Cir. 2011). EAJA fees generally should be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position. Hackett, 475 F.3d at 1174.

**II. Did plaintiff's counsel err by not complying with D. Kan. Rule 54.2?**

D. Kan. Rule 54.2(a) states that a party who moves for statutory attorney's fees "must" promptly initiate consultation

2

with the other party or parties.  If they are unable to agree, the moving party "must" file within 30 days of filing the motion a statement that, after consultation in accordance with the rule, the parties have been unable to reach an agreement with regard to the fee award.  D. Kan. Rule 54.2(c)(1).  The statement of consultation must set forth the date of the consultation, the names of those who participated and the specific results achieved.  Finally, the rule makes clear that the court "will not consider" a motion for statutory attorney's fees until the moving party files the statement of consultation in compliance with the rule.  D. Kan. Rule 54.2(d).

Defendant argues that plaintiff's counsel did not contact agency counsel to discuss the matter as required by the local rule, and seeks denial of the request for attorney's fees for this reason (Doc. 20 at 1).  In the alternative, defendant also argues that the motion should be denied because the government's position was substantially justified (Doc. 20 at 2-5).  Plaintiff's counsel concedes failure to comply with the local rule (Doc. 21 at 1).

The issue of noncompliance with D. Kan. Rule 54.2 came before Judge Lungstrum in a recent case (not involving counsel in the case presently before the court).  In that case, the court acknowledged that in some circumstances denial of attorney fees for failure to follow a local rule might be an excessive

sanction. However, the court reminded counsel that he is an officer of the court and that that he along with the court and opposing counsel is charged to employ the rules of procedure. The purpose of D. Kan. Rule 54.2 is to encourage counsel to work together to see if they can cooperatively determine whether statutory fees are appropriate in a case, and if not, to identify and narrow the issues to be determined by the court. The court further stated that if such an unwillingness to follow the rule persists, the court may find itself in a position in the future where it must address that issue. The court also noted that the Commissioner could have attempted to initiate consultation when they realized plaintiff had not done so. The court concluded that it, in the future, expects all counsel to consult on fee issues and will inform the court accordingly. Although the court acknowledged that it could deny the motion for failure to comply with D. Kan. Rule 54.2, because the Commissioner had filed her objection without waiting for plaintiff to file a statement of consultation, the court found the motion was ripe, and ruled on it without waiting for a statement of consultation. Hennigh v. Colvin, Case No. 15-2684-JWL, 2016 WL 2989235 at *2 (D. Kan. May 24, 2016).

More recently, Judge Melgren, in the case of Magallanes v. Colvin, Case No. 14-1217-EFM (D. Kan. Sept. 12, 2016) denied a motion for attorney's fees because of the failure of plaintiff's

4

counsel (not counsel in the case presently before the court) to comply with D. Kan. Rule 54.2.  The court noted that plaintiff's counsel had been admonished in two prior cases for their failure to comply with D. Kan. Rule 54.2 (Doc. 33).

The court will follow the holding in Hennigh.  Because the Commissioner has filed her objection to the motion without waiting for plaintiff to file a statement of consultation, the court will find the motion ripe and rule on it without waiting for a statement of consultation.  However, plaintiff's counsel is admonished in the future that he must comply with D. Kan. Rule 54.2.  Failure to comply with the Rule could result in dismissal of a similar motion in a future case.

**III.  Was the position of the Commissioner substantially justified?**

The Commissioner argues that attorney fees should not be awarded under the EAJA because of the Commissioner's contention that the position of the government was substantially justified. As noted above, the Commissioner has the burden of proof to show that her position was substantially justified.

In this case, the ALJ gave no weight to the opinions of Dr. Lynch because, according to the ALJ, those opinions were not consistent with medical reports from Dr. Lynch and her staff. However, the court found that the ALJ, while mentioning those portions of the evidence that supported the ALJ's finding,

5

ignored portions of those same reports showing a lot of difficulty with cognitive problems and very scattered thinking, These portions of the medical reports support the opinions expressed by Dr. Lynch.  The court held that it is improper for the ALJ to pick and choose among medical reports, using portions of evidence favorable to his position, while ignoring other evidence.  Keyes-Zachary v. Astrue, 695 F.3d 1156, 1166 (10th Cir. 2012); Hardman v. Barnhart, 362 F.3d 676, 681 (10th Cir. 2004).  An ALJ cannot simply cherry-pick facts that support a finding of non-disability while ignoring evidence that points to a disability finding.  Denton v. Astrue, 596 F.3d 419, 425 (7th Cir. 2010) (Doc. 16 at 8-10).

Although Dr. Lynch stated that neuropsychology testing substantiated her disabilities, the ALJ asserted that the objective neuropsychological testing showed normal cognitive functioning.  Dr. Kobes, who performed the testing, stated that the objective measures of cognitive functioning were within normal limits across all cognitive domains.  However, the ALJ failed to mention that the Personality Assessment Inventory showed "significant psychological distress," "a disturbingly high level of anxiety with physical signs of tension and stress," an "elevated level of problems with confusion, indecision, distractibility and poor concentration," and "significant depressive experience" with thoughts of

6

worthlessness, hopelessness and failure, and consistent fears of abandonment and rejection (R. at 301-302).  Dr. Kobes concluded by noting that although the objective measures of neurocognitive functioning is intact for the plaintiff, she can still meet the criteria for AD(H)D, and that strong symptoms of anxiety and depression, coupled with personality features of emotional sensitivity and mild ego strengths may make the examinee more vulnerable to physical manifestations of stress.

Again, the court found that the ALJ had cherry-picked the information contained in the assessment by Dr. Kobes.  Dr. Lynch stated that the testing by Dr. Kobes substantiates plaintiff's disabilities.  The ALJ erred by only using portions of the report from Dr. Kobes that supported his position, while ignoring other evidence in that same report that would provide support to the opinions of Dr. Lynch  (Doc. 16 at 10-13).

A position taken by the ALJ or government that contravenes longstanding agency regulations, as well as judicial precedent, is not substantially justified.  Quintero v. Colvin, 642 Fed. Appx. 793, 796 (10th Cir. Feb. 25, 2016).  The case law in this circuit is clear (and has been since 2004) that it is improper for the ALJ to pick and choose among medical reports, using portions of evidence favorable to his position, while ignoring other evidence.  In this case, the ALJ did precisely that, noting only portions of medical reports favorable to his

position, while ignoring evidence that did not support his position.  Therefore, the court concludes that the position of the Commissioner was not substantially justified.

The ALJ also failed to include in his RFC findings an opinion by Dr. Doxsee that plaintiff was moderately limited in her ability to work in coordination with or in proximity to others without being distracted by them.  The ALJ, without explanation, did not include this limitation in his RFC findings.  When the RFC assessment conflicts with an opinion from a medical source, the ALJ must explain why the opinion was not adopted.  SSR 96-8p, 1996 WL 374184 at *7 (Doc. 16 at 13-14).  This regulation has been in effect since July 2, 1996.  1996 WL 374184 at *1.  As noted before, a position taken by the ALJ or government that contravenes longstanding agency regulations, as well as judicial precedent, is not substantially justified.  The ALJ's failure to consider this limitation by Dr. Doxsee conflicted with longstanding agency regulations.

As noted above, the ALJ clearly failed to follow the agency's own regulations and case law.  For this reason, the court finds that positon of the Commissioner was not substantially justified.

**IV. Are the attorney fees requested by plaintiff's counsel reasonable?**

Plaintiff's counsel states that he worked 23.8 hours on this case, and would be entitled to an award of $4,528.54 (based on an hourly rate of $190.28 in 2015 and $190.20 in 2016; Doc. 18 at 4). However, plaintiff only seeks an award of attorney fees of $4,250.00. Defendant, in her brief, did not contest the amount of attorney fees being requested by plaintiff's counsel. The court finds that the hours spent by counsel was reasonable. Therefore, a reasonable attorney fee pursuant to the EAJA is $4,250.00.

IT IS THEREFORE ORDERED that plaintiff's motion for attorney fees pursuant to the Equal Access to Justice Act (Doc. 18) is granted, and the Commissioner is ordered to pay plaintiff an attorney fee in the amount of $4,250.00.

Dated this 7th day of October 2016, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge