IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JENNIFER R. REYNOLDS,

        Plaintiff,

vs.                                   Case No. 15-2676-SAC

NANCY A. BERRYHILL,
Acting Commissioner of
Social Security,[1]

        Defendant.

MEMORANDUM AND ORDER

On March 10, 2016, this court issued an order reversing the decision of the Commissioner and remanding the case for further hearing (Doc. 16). On October 7, 2016, this court approved an order for attorney fees under the EAJA in the amount of $4,250.00 (Doc. 22).

On April 15, 2017, defendant issued a notice of award to the plaintiff (Doc. 23-2). Plaintiff filed a motion for attorney fees under 42 U.S.C. §406(b) (Doc. 23-24). Defendant has no objection to the motion (Doc. 25).

Section 206(b) of the Social Security Act ("SSA"), 42 U.S.C. § 406(b), provides that "[w]henever a court renders a judgment favorable to a claimant ... the court may determine and

---

[1] On January 20, 2017, Nancy A. Berryhill replaced Carolyn W. Colvin as Acting Commissioner of Social Security.

1

allow as part of its judgment a reasonable [attorney] fee ... not in excess of 25 percent of the past due benefits." This provision allows the Court to award attorney fees in conjunction with a remand for further proceedings where plaintiff ultimately recovers past due benefits. Wrenn ex rel. Wrenn v. Astrue, 525 F.3d 931, 933 (10th Cir. 2008). Where plaintiff has agreed to a contingency fee arrangement, the Court must review the agreement as an independent check to assure that it yields a reasonable result in the particular case. Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002).

Plaintiff and her attorney entered into a contingent fee agreement whereby plaintiff agreed to pay her attorney 25% of her retroactive disability benefits if she received an award of benefits (Doc. 23-1). Plaintiff received a retroactive award of $59,483.00 (Doc. 23-2 at 5). Plaintiff's counsel seeks attorney fees of $14,870.75. Counsel spent 25.3 hours in attorney time related to this court action (Doc. 23 at 2). The fee request thus represents an effective hourly rate of $587.78 per hour.

In the case of Grace v. Colvin, 2015 WL 7102292 at *1-2, Case No. 12-1017-JWL (D. Kan. Nov. 13, 2015), the Commissioner had withheld $28,077.65 (25% of the past-due benefits) from her award to plaintiff, to be applied to payment of that fee. Counsel's agreement with plaintiff was for 25% of past-due benefits. However, counsel only requested a fee of $17,000.00

2

for 39.35 hours of work.  This represented an hourly rate of $432.02.  The court found that the attorney fee of $17,000.00 was reasonable in the circumstances of that case.

In the case of Russell v. Astrue, 509 F.3d 695, 696-697 (10th Cir. Jan. 31, 2013), the court found that an hourly rate of $422.92 was not beyond the bounds of reasonable judgment or permissible choice (this represented a reduction from an effective hourly rate of $611 requested by counsel).  In the case of Brown v. Colvin, Case No. 12-1456-SAC (D. Kan. Sept. 20, 2016), the court found that an hourly fee of $307.64 was reasonable.  In the case of Glaze v. Colvin, Case No. 13-2129-SAC (D. Kan. July 15, 2015, Doc. 23), the court found that an hourly fee of $293.00 was reasonable.  In the case of Sharp v. Colvin, Case No. 09-1405-SAC (D. Kan. Jan. 13, 2015), the court found that an hourly rate of $258.63 was reasonable.  In the case of Bryant v. Colvin, Case No. 12-4059-SAC (D. Kan. Dec. 23, 2014), the court found that an hourly rate of $418.28 was reasonable.  In the case of Roland v. Colvin, Case No. 12-2257-SAC (D. Kan. Dec. 23, 2014), the court found that an hourly rate of $346.28 was reasonable.  In the case of Wulf v. Astrue, Case No. 09-1348-SAC (D. Kan. May 30, 2012, Doc. 23), the court found that an hourly fee of $321.01 was reasonable.  In the case of Vaughn v. Astrue, Case No. 06-2213-KHV, 2008 WL 4307870 at *2 (D. Kan. Sept. 19, 2008), the court found that $344.73 was a

reasonable hourly fee. In Smith v. Astrue, Case No. 04-2197-CM, 2008 WL 833490 at *3 (D. Kan. March 26, 2008), the court approved an hourly fee of $389.61. In summary, hourly fees ranging from $258.63 to $432.02 have been approved in the cases cited above. See Robbins v. Barnhart, Case No. 04-1174-MLB, 2007 WL 675654 at *2 (D. Kan. Feb. 28, 2007)(In his brief, the Commissioner noted that, in interpreting Gisbrecht, courts have found reasonable fee amounts ranging from $338.29 to $606.79 per hour).

In the case of Scoonover v. Colvin, Case No. 12-1469-JAR (D. Kan. Dec. 15, 2016) 2016 WL 7242512, Judge Robinson found an effective hourly rate of $511.32 (for 41.80 hours worked on the case by counsel) exceeded the high range of § 406(b) fees awarded the 10th Circuit and judges in this district. 2016 WL 7242512 at *1 and fn. 7,8. The court in that case reduced the rate to $400 an hour. 2015 WL 7242512 at *2. Recently, in the case of Jones v. Berryhill, Case No. 12-2652-SAC (D. Kan. April 5, 2017; Doc. 26), this court found that an effective hourly rate of $474.78 was unjustifiably high, and reduced the hourly rate to $425.00 an hour.

In summary, hourly fees ranging from $258.63 to $432.02 have been approved in the cases cited above. Proposed fees representing an effective hourly rate of $474.78, $511.32, and $611 have been reduced to an amount falling within the range

4

noted. Consistent with Gisbrecht, this court should not award "windfalls for lawyers" such that when "the benefits are large in comparison the amount of time counsel spent on the case, a downward adjustment is similarly in order." Gisbrecht, 535 U.S. at 808; Schoonover, 2016 WL 7242512 at *2.

In the case before the court, plaintiff's counsel is requesting an award of attorney fees that would represent an effective hourly rate of $587.78 (for 25.3 hours of work). The court in this case finds that an hourly award of $587.78 is unjustifiably high. The court will therefore reduce the hourly rate to $425.00 an hour. Therefore, the court will award fees in the amount of $10,752.50.

IT IS THEREFORE ORDERED that the motion by plaintiff's attorney for an award of attorney fees under 42 U.S.C. § 406(b) (Doc. 23) is granted in part. Plaintiff's attorney is entitled to $10,752.50 in fees under 42 U.S.C. § 406(b). The Commissioner shall pay the fees from the amount she is withholding from plaintiff's past due benefits. The Commissioner shall pay the remainder of the withheld benefits to plaintiff.

IT IS FURTHER ORDERED that plaintiff's counsel shall refund to plaintiff $4,250.00, which he received as fees under the EAJA, after plaintiff's attorney receives his $10,752.50 in attorney fees from the Commissioner.

Dated this 13th day of September 2017, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge